UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELTA T, LLC d/b/a
BIG ASS FAN COMPANY,

    Plaintiff,

v.   Case No. 8:19-cv-1731-VMC-SPF

DAN'S FAN CITY, INC., and
TROPOSAIR, LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Delta T, LLC's Motion in Limine (Doc. # 163) and Defendants Dan's Fan City, Inc., and TroposAir, LLC's Motion in Limine (Doc. # 165), both filed on April 13, 2021. The parties responded to each Motion on April 27, 2021. (Doc. ## 166; 168). With leave of Court, Defendants replied to their Motion on May 4, 2021 (Doc. # 171), and Delta T sur-replied on May 7, 2021. (Doc. # 180). For the reasons set forth below, both Motions are granted in part and denied in part.

**I.   Background**

This is a patent case that arose out of Defendants' alleged infringement of three of Delta T's patented designs of a modern residential ceiling fan. (Doc. # 65 at ¶¶ 8, 20).

1

Delta T initiated this suit in the District of Maryland on December 14, 2018. (Doc. # 1). Following transfer to this Court on July 17, 2019, the case proceeded through discovery. (Doc. # 30). The case is currently scheduled for trial during the June 2021 trial term. (Doc. # 99 at 3).

Now, all parties move to exclude the introduction of various arguments and evidence at trial. (Doc. ## 163; 165). All parties have responded. (Doc. ## 166; 168). Defendants replied to their Motion (Doc. # 171), and Delta T filed a sur-reply. (Doc. # 180). The Motions are now ripe for review.

## II. **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation marks omitted). "A court has the power to exclude evidence in limine only when evidence is clearly

inadmissible on all potential grounds." Id. (internal quotation marks omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

District courts have broad discretion in determining the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm

recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to [] evidence and is physically proximate to testifying witnesses and the jury.").

## III. Analysis

Both Delta T and Defendants move to exclude certain evidence and arguments from trial. (Doc. ## 163; 165). The Court will address each Motion in turn.

### A. Delta T's Motion in Limine

Delta T seeks to exclude seven categories of evidence or argument from trial, some stipulated to by the parties, and others disputed. (Doc. # 163).

#### 1. Double Patenting Invalidity Defense

First, Delta T argues that "Defendants should be precluded from claiming invalidity as they have no witnesses competent to testify in that regard." (Doc. # 163 at 3). Specifically, Delta T contends that Defendants have no expert designer capable of testifying as to their double patenting defense. (Id. at 3-4). In reply to their own Motion in Limine, Defendants now state that they are "no longer pursuing [their] double patenting defense." (Doc. # 171 at 2). Therefore, the Motion is granted as to this requested relief and Defendants are precluded from making a double patenting defense.

4

## 2. Expert Testimony

Next, the parties stipulate that the Court exclude the following two categories of evidence, both relating to expert testimony: (1) "all experts from offering any direct testimony that is not contained within the four corners of their respective reports," and (2) "introduction or offering [of] expert opinion testimony from any witness who has not provided a written report required by Federal Rule of Civil Procedure 26(a)(2)(B)." (Doc. # 163 at 4-5; Doc. # 166 at 3).

In accordance with Rule 26 and the parties' stipulations, the Motion is granted as to this requested relief. All experts required to provide written reports under Rule 26 are "precluded from providing any direct testimony as to opinions, and any facts or evidence in support of those opinions . . . not expressly included in their reports." (Doc. # 163 at 4; Doc. # 166 at 3). The Court also excludes the "introduction or offering [of] expert opinion testimony from any witness who has not provided a written report required by [Rule] 26(a)(2)(B)." (Doc. # 163 at 5; Doc. # 166 at 3).

## 3. Expense Deductions

Next, Delta T moves to preclude Defendants' witnesses Mark Topolski and Stephen Oscher "from testifying about expense deductions from net profits [that] are not tied

5

specifically to Vogue fan sales." (Doc. # 163 at 5). Defendants intend to calculate the amount of fixed costs associated with the sale of the Vogue fan by multiplying their total fixed costs by the ratio of Defendants' Vogue fan sales to their total sales. (Id. at 5-8). Delta T argues that this "across-the-board" calculation is inadmissible because Defendants have not demonstrated that their "overhead (or other comparable expenses) would have been any different had they not been selling the infringing goods." (Id. at 6, 8 (emphases omitted)). Defendants respond that it is for "the jury [to] decide which expenses should be considered in determining [Defendants'] net profits" and that Delta T may challenge the calculation at trial. (Doc. # 166 at 5).

Design patent infringers are "liable to the [patent] owner to the extent of his [or her] total profit[.]" 35 U.S.C. § 289. The patent owner bears the burden of proving damages. BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc., 1 F.3d 1214, 1217 (Fed. Cir. 1993). "If the plaintiff satisfies this burden of production, the burden of production then shifts to the defendant to come forward with evidence . . . of a different profit calculation, including any deductible costs." Apple Inc. v. Samsung Elecs. Co., No. 11-CV-01846-LHK, 2017 WL 4776443, at *12 (N.D. Cal. Oct. 22, 2017).

6

However, "[n]either case law nor logic provides a clear rule for the proper treatment of fixed expenses in computing an award for profits." Chico's Fas, Inc. v. Clair, No. 2:13-cv-792-SPC-DNF, 2015 WL 2455501, at *5 (M.D. Fla. May 24, 2015) (quoting Schnadig Corp. v. Gaines Mfg. Co., 620 F.2d 1166, 1172 (6th Cir. 1980)). Delta T has provided no authority requiring that Defendants' calculation of fixed costs be excluded because it is based on an "across-the-board" calculation, and the Court does not find this calculation prejudicial, confusing, or misleading at this juncture. Accordingly, the Motion is denied as to this requested relief.

### 4. Size, Finances, and Location of the Parties

Next, Delta T moves to preclude Defendants "from presenting any argument, evidence, testimony, or suggestion of a 'David and Goliath' nature, such as comparing the relative size, financial strength, or geographical locale of the companies." (Doc. # 163 at 8). Defendants respond that they intend to introduce such facts relating to Dan's Fan City and TroposAir, although they do not expect "[a]t this point" to "make an argument that the jury should find in [Defendants'] favor because Delta T is significantly larger than [Defendants]." (Doc. # 166 at 5).

The Court agrees with Defendants that it cannot decide at this stage whether evidence relating to the parties' size, finances, or location is inadmissible. Where the parties are located may very well be relevant to the case. Or, Defendants' finances may be relevant to determining their profits. Accordingly, the Motion is denied at this juncture insofar as it seeks to exclude evidence of the parties' sizes, finances, or geographic locations.

Still, "the relative wealth of the parties should not be the focus of the trial," and to the extent Defendants attempt to compare the parties' wealth or size to make a "David and Goliath" argument, Delta T may re-raise this objection at trial. <u>Unicolors, Inc. v. H & M Hennes & Mauritz L.P.</u>, 2:16-cv-02322-AB (SKx), 2017 WL 11489792, at *7 (C.D. Cal. Nov. 15, 2017). The Court makes the same determination with regard to the parties' geographic locations. See <u>Pappas v. Middle Earth Condo. Ass'n</u>, 963 F.2d 534, 539 (2d Cir. 1992) ("There is no doubt whatever that appeals to the regional bias of a jury are completely out of place in a federal courtroom.").

### 5. <u>Dr. Rene Befurt's Expert Testimony</u>

Next, Delta T seeks to preclude Defendants' expert, Dr. Rene Befurt from testifying "in contravention of Delta T's expert's testimony as it relates to infringement." (Doc. #

8

163 at 10). Specifically, Delta T argues that Dr. Befurt should not be permitted "to testify regarding the ultimate issues of the validity of the patents in suit or their infringement." (Id.). Dr. Befurt's testimony was subject to a separate Daubert motion, which was granted in part and denied in part. (Doc. ## 164; 188). There, the Court excluded Dr. Befurt's expert opinion and testimony "to the extent he opines that [Delta T's expert, Charles] Mauro's surveys are faulty because of the specific prior art included in the surveys or because they did not include specific prior art." (Doc. # 188 at 15). However, the Court determined that "Dr. Befurt may testify as to survey design methodologies generally, as well as the other purported design flaws in Mr. Mauro's surveys." (Id.).

Given that Defendants concede that Dr. Befurt will only opine on the flaws in Mr. Mauro's surveys, the Motion is granted as to this requested relief. (Doc. # 166 at 6-8). Dr. Befurt's expert testimony is excluded to the extent he opines on the validity of Delta T's patents, or on the ultimate legal issue of Defendants' infringement.

### 6. **Affirmative Defenses**

Lastly, Delta T moves to preclude Defendants "from testifying or presenting proof as to certain affirmative

9

defenses." (Doc. # 163 at 11). Delta T argues that "Defendants should not be permitted to argue or testify or submit any evidence beyond their equitable defenses of waiver, acquiescence, laches and/or estoppel." (Doc. # 163 at 12). Defendants do not appear to challenge this but argue in response to Delta T's Motion that they should also be able to present evidence as to double patenting. (Id.; Doc. # 163 at 8-10). However, as previously noted, in reply to their own Motion in Limine, Defendants shift their position, stating they are "longer pursuing [their] double patenting defense at trial." (Doc. # 171 at 2). Accordingly, the Motion is granted to the extent Defendants seek to present evidence of a double patenting defense.

Regarding Defendants' equitable defenses, Delta T also moves to exclude "any testimony or evidence . . . beyond what was testified to by Topolski in his 30(b)(6) deposition." (Doc. # 163 at 12). Defendants respond that "a Rule 30(b)(6) witness is not required to testify as to the facts supporting a party's legal contention." (Doc. # 166 at 9).

Federal Rule of Civil Procedure 30(b)(6) requires a corporate party to designate one or more representatives "who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed.

10

R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." Id. "A corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation." QBE Ins. v. Jorda Enters., Inc., 277 F.R.D. 676, 688 (S.D. Fla. 2012). However, "absolute perfection is not required of a [Rule] 30(b)(6) witness." Jarvis v. Carnival Corp., No. 16-CV-23727-MORENO/TURNOFF, 2017 WL 6987754, at *4 (S.D. Fla. Aug. 29, 2017) (citing QBE Insurance, 277 F.R.D. at 691). "The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation." Id. "The rule provides for a variety of sanctions for a party's failure to comply with its Rule 30(b)(6) obligations," including "preclusion of testimony." QBE Insurance, 277 F.R.D. at 690.

Here, Delta T argues that Defendants should be precluded from introducing any testimony or evidence regarding their equitable affirmative defenses other than the testimony offered at Mr. Topolski's Rule 30(b)(6) deposition. (Doc. # 163 at 11-12). However, the Court is not in a position to make such a determination at this juncture. "[A]lthough a corporation is 'bound' by Rule 30(b)(6) testimony, it is not

precluded from offering additional – perhaps even contradictory – testimony at trial." Am. K-9 Detection Servs., Inc. v. Rutherfoord Int'l, Inc., No. 6:14-cv-1988-RBD-TBS, 2016 WL 7183365, at *5 (M.D. Fla. May 16, 2016) (citation omitted); see also In re: 3M Combat Arms Earplug Prods. Liab. Litig., No. 3:19-md-2885, 2021 WL 918214, at *7 (N.D. Fla. Mar. 10, 2021) ("The Eleventh Circuit has not addressed whether the testimony of a Rule 30(b)(6) representative constitutes a judicial admission, with conclusive effect, or merely an evidentiary admission, which can be contradicted or explained at trial. . . . Every other circuit to consider the issue has treated 30(b)(6) testimony as an evidentiary admission that is binding in the sense that it can be used against the corporation, but not in the sense that it precludes the [corporation] from [later] correcting, explaining, or supplementing that testimony." (internal quotation marks and citations omitted)).

The Court will be in a much better position to rule on such objections in the trial context, with the benefit of knowing precisely what testimony Delta T is objecting to. Therefore, the Motion is denied without prejudice as to this relief.

B.  **Defendants' Motion in Limine**

Defendants seek to exclude two categories of evidence or testimony from trial. (Doc. # 165).

1.  **Commercial Embodiments of Delta T's Patents**

First, Defendants move to exclude "[a]ny evidence or testimony concerning Delta T's alleged commercialization of the patents in suit," arguing that the fans embodying the patents are irrelevant, "potentially prejudicial," might confuse the jury, and are precluded by Delta T's conduct during the course of discovery. (Doc. # 165 at 2-7). However, Defendants concede there should be one exception to this exclusion as some of the commercial embodiments are included in the file history of the '004 Patent. (Id. at 8). Delta T responds that Defendants are "incorrect in arguing [that] commercial embodiments cannot be used in infringement analysis" and that "there is no discovery bar to relying on the embodiments." (Doc. # 168 at 3, 5).

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But not all relevant evidence is admissible.

13

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Federal Rule of Civil Procedure 26(e), "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). "The burden of establishing that [a party] failed to provide information pursuant to Rule 26(e) rests with . . . the party seeking the . . . exclusion." Johnson v. R.J. Reynolds Tobacco Co., No. 2:12-cv-618-JES-CM, 2014 WL 1930392, at *2 (M.D. Fla. May 14, 2014). "If a party fails to provide information . . . as required by Rule [26(e)], the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009).

Here, Delta T made clear during discovery that it would not seek to introduce the physical fans: "Finally, presenting samples of the actual Haiku fans to the finder of fact would be inappropriate since comparing Haiku products to Vogue products is not the proper test for design patent infringement." (Doc. # 168-1 at 3). Delta T should not now be able to introduce the physical fans. Additionally, the physical Haiku and L-Series fans are not pertinent to the issue of infringement. As Delta T concedes, "[i]nfringement is to be determined by comparing the asserted claims to the accused device, and not by comparing the accused device to a preferred or commercial embodiment of the patentee's claimed invention." Orthoarm, Inc. v. Forestadent USA, Inc., 682 F. Supp. 2d 978, 981 (E.D. Mo. 2008) (citing Martin v. Barber, 755 F.2d 1564, 1567 (Fed. Cir. 1985)); (Doc. # 168 at 3).

Given the test for patent infringement, introduction of the physical fans for this purpose would likely confuse the jury, thereby unduly prejudicing Defendants. Orthoarm, 682 F. Supp. 2d at 981 ("[T]he Court believes that allowing admission

15

of the commercial embodiment in this case creates too great a potential for jury confusion and improper comparison between the commercial embodiment and the accused device."). Contrary to Delta T's position, the Court does not find that these issues are remedied by the fact that Defendants could have purchased the fans in question, or that they possibly previously possessed said fans. (Doc. # 180 at 3 ("[A]lthough Delta T does not currently have explicit evidence that Defendants . . . had a physical Haiku fan in their possession, this can be inferred from the email correspondence between Furn Fan and Defendants[.] . . . Indeed, Delta T purchased Defendants' Vogue Fan in 2016. Further, Delta T's Fans are widely available in the marketplace." (emphases omitted))).

Therefore, the Motion is granted to the extent that Delta T seeks to introduce the physical Haiku and L-Series fans at trial. See Hako-Med USA, Inc. v. Axiom Worldwide, Inc., No. 8:06-cv-1790-VMC-AEP, 2009 WL 10671312, at *4-5 (M.D. Fla. Aug. 26, 2009) ("A plaintiff's commercial embodiment of its patent cannot be relied on to determine whether a defendant's product infringes the patent. The patent case requires comparison between only the allegedly infringing product and the subject patent. . . . To the extent Plaintiffs wish to introduce the Exhibits to compare Plaintiffs' product to

16

Defendants' product in support of the patent claims, Defendants' Motion is valid. However, determining whether commercial embodiments are relevant to explain the patent, to rebut possible claims, or to establish a timeline requires a factual context not currently available.").

However, with regard to other forms of the commercial embodiments, such as photographs, the Court is not in a position to determine whether such evidence is admissible. The parties do not specifically brief the admissibility of other forms of commercial embodiment of the patents, nor is the Court certain within what context or for what purpose such evidence would be introduced.[1]

The Court does note, however, that there does not appear to be discovery-related or other potential unfair prejudice as to the *discussion* of commercial embodiments generally. Indeed, in an April 27, 2020, response to Defendants' second set of interrogatories, Delta T stated: "Delta T admits that the '757 patent protects the Haiku. . . . Delta T admits that the '027 patent protects the L-Series fan." (Doc. # 168-1 at 1-2). And, Delta T's expert included in his report: "I have

---

1. One such context may be Defendants' concession as to the commercial embodiments allegedly referenced as prior art in the file history of the '004 Patent, which the parties do not appear to dispute. (Doc. # 165 at 8).

17

been asked to provide my opinions concerning whether Delta T's design patents, identified below, *covering their Haiku and Haiku L-series ceiling fans* are infringed by [Defendants'] Vogue ceiling fan." (Doc. # 153 at 3 (emphasis added)). Thus, Defendants were on notice of Delta T's position that the Haiku and L-Series fans constituted the commercial embodiments of Delta T's patents. Accordingly, the Motion is denied without prejudice to the extent Defendants seek to introduce any and all evidence of the commercial embodiment of the patents, and they may re-raise this objection at trial.

### 2. Promotion or Sales of Delta T's Products

Second, Defendants move to exclude "[a]ny evidence or testimony concerning Delta T's promotion or sales of products allegedly embodying the designs of the patents in suit, including Delta T's Haiku and L-Series fans." (Doc. # 165 at 2). Defendants argue that such evidence is "wholly irrelevant" because the parties have stipulated that "Delta T is not seeking lost profits on sales of the Haiku and L-Series fans" and because Defendants "will not raise the defense of patent invalidity based on obviousness," the test of which includes a weighing of commercial success. (Doc. # 165 at 8-9). Defendants also argue that such evidence would be highly prejudicial and confusing to the jury. (Id. at 9).

18

Delta T responds that Delta T's "advertising, marketing, and marketplace sales success" are "relevant to, at least, whether this is an exceptional case or not for attorney's fees." (Doc. # 168 at 6). And, they contend they are relevant to Defendants' double patenting defense. (Id. at 8).

To the extent that Delta T argues this evidence is relevant to an award of attorney's fees, the Court agrees with Defendants that the determination of attorney's fees is a question for the judge, not the jury. See AIA Am., Inc. v. Avid Radiopharmaceuticals, 866 F.3d 1369, 1373-74 (Fed. Cir. 2017) ("[R]equests for attorney's fees under [Section] 285 are equitable and do not invoke the Seventh Amendment right to a jury trial. . . . [T]he district court was not foreclosed from making additional findings about AIA's state of mind, intent, and culpability."); see also Elan Pharms., LLC v. Sexton, 421 F. Supp. 3d 1119, 1125 (D. Kan. 2019) ("Thus, an award of attorneys' fees under [Section] 285 is a post-trial decision for the judge rather than an element of damages to be proved at trial."). None of the cases cited by Delta T require a court to present the issue of willfulness to the jury when it goes only toward fees and not damages. (Doc. ## 168; 180). Therefore, the Motion is granted insofar as Delta T seeks to introduce evidence of Delta T's promotion or sales

to demonstrate that this constitutes an exceptional case warranting attorney's fees.

Regarding Delta T's argument that this evidence is relevant to rebut Defendants' double patenting defense, Defendants state that they are "no longer pursuing" this defense. (Doc. # 171 at 2). In the event that Plaintiffs seek to introduce this information for another purpose, the Court will be in a better position to determine its admissibility within the trial context.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Delta T, LLC's Motion in Limine (Doc. # 163) is **GRANTED** in part and **DENIED** in part.

(2) Defendants Dan's Fan City, Inc., and TroposAir, LLC's Motion in Limine (Doc. # 165) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of May, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE