UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELTA T, LLC d/b/a
BIG ASS FAN COMPANY,

    Plaintiff,

v.                               Case No. 8:19-cv-1731-VMC-SPF

DAN'S FAN CITY, INC.,
and TROPOSAIR, LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Sean P. Flynn's Report and Recommendation (Doc. # 181), filed on May 10, 2021, recommending that Plaintiff Delta T, LLC's Motion for Summary Judgment (Doc. # 129) be denied and that Defendants Dan's Fan City, Inc., and TroposAir, LLC's Motion for Summary Judgment (Doc. # 124) be granted in part and denied in part. On May 17, 2021, both Delta T and Defendants filed objections to the Report and Recommendation. (Doc. ## 183; 184). Delta T and Defendants responded to the objections on May 25, 2021. (Doc. ## 189; 192).

The Court accepts in part and rejects in part the Report and Recommendation, sustains Delta T's objection, overrules

1

Defendants' objection, and denies both Delta T and Defendants' Motions for Summary Judgment.

## I. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## II. Report and Recommendation

The Magistrate Judge entered detailed Factual Findings in the Report and Recommendation. (Doc. # 181 at 2-11). The Court finds no reason to challenge the accuracy of those

facts, nor do the parties appear to object to the Magistrate Judge's summary of the facts. (Doc. ## 183; 184).

In the Report and Recommendation, the Magistrate Judge recommends entering judgment in favor of Defendants as to Count I and IV, Delta T's claims for infringement of the '757 Patent. (Doc. # 181 at 19-20). The Magistrate Judge recommends denying judgment in either of the parties' favor as to Counts II, III, V, and VI, Delta T's claims for infringement of the '027 and '004 Patents. (Id. at 24, 26). The Magistrate Judge also recommends denying Delta T's Motion to the extent it seeks a determination of willful infringement. (Id. at 27).

As to the conclusion that the Vogue fan does not infringe on the '757 Patent, the Magistrate Judge reasoned:

> Applying the [Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008),] ordinary observer test, the Court concludes that a side-by-side comparison reveals there is no genuine dispute that the claimed and accused designs are plainly dissimilar. No reasonable juror could find that a consumer might be deceived into purchasing the Vogue fan believing it to be the patented design. They simply do not look alike other than they are both residential fans with three airfoils with rounded edges and a central hub (the part of the fan that houses the motor).

(Id. at 16). Because the Magistrate Judge found that the '757 Patent and accused Vogue fan are plainly dissimilar such that "[n]o reasonable juror could fail to see [their]

3

differences," the Magistrate Judges recommends denying Delta T's Motion for Summary Judgment as to the '757 Patent (Counts I and IV), and granting Defendants' Motion for Summary Judgment as to the '757 Patent. (Id. at 19-20). Delta T does not object to the Magistrate Judge's recommendation that its Motion be denied. (Doc. # 184 at 3). But, Delta T does object to the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted as to Counts I and IV. (Id.). Defendants do not object to this portion of the Report and Recommendation. (Doc. # 183).

Regarding Defendants' alleged infringement of the '027 and '004 Patents, the Magistrate Judge reasoned that the patented designs and accused Vogue fan "are not plainly dissimilar" and that "reasonable jurors could disagree as to how an ordinary observer would perceive the . . . designs overall." (Doc. # 181 at 20, 24-26). The Magistrate Judge determined that "an ordinary observer's perception[s] of the overall designs [of the '027 and '004 Patents are] question[s] of fact for the jury." (Id. at 23, 26). Thus, the Magistrate Judge recommends denying both parties' Motions as to Counts II, III, V, and VI. (Id. at 2). Defendants object to this aspect of the Report and Recommendation, arguing that they

4

are entitled to judgment in their favor as to Delta T's claims for infringement of the '027 and '004 Patents. (Doc. # 183 at 1-2). Delta T does not object to this portion of the Report and Recommendation. (Doc. # 184 at 3).

Finally, the Magistrate Judge recommends that Delta T's Motion be denied to the extent it seeks a judgment that Defendants willfully infringed on its patents. (Doc. # 181 at 26-27). Neither party appears to object to this portion of the Report and Recommendation. (Doc. # 183; Doc. # 184 at 3).

### III. **Analysis**

The Court will begin by addressing the Magistrate Judge's recommendations as to the '757 Patent, followed by the '027 and '004 Patents, and the issue of willfulness.

#### A. **'757 Patent**

Regarding Counts I and IV, the Court respectfully disagrees with the Magistrate Judge that that "[n]o reasonable juror could fail to see [the] differences" between the '757 Patent and the accused Vogue fan. (Doc. # 181 at 19-20). While the Magistrate Judge's analysis of the differences between the '757 Patent and Vogue fan is well-taken, the Court finds that a reasonable juror could conclude that the overall effect of the '757 Patent and Vogue fan are substantially the

same. See Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1295 (Fed. Cir. 2010) ("In evaluating infringement, we determine whether 'the deception that arises is a result of the similarities in the overall design, not of similarities in ornamental features in isolation.'" (citation omitted)). As seen in the side-by-side comparisons of the designs from five different perspectives below, the '757 Patent and accused Vogue fan are both ceiling fans with three sleek, curved airfoils that appear to protrude widest near the center of the airfoil. Both designs contain a circular hub. The tip of each airfoil appears blunt, rather than tapered. And, the side views of the '757 Patent and the accused Vogue fan feature a single swooped plane with a central hub that is slightly downward-curved.











Drawing all reasonable inferences in Delta T's favor, the Court does not find that the noted differences between the '757 Patent and Vogue fan, such as the size of the vent hole, the exact bulging of the blades, or the precise protrusion of the hub, are such that no reasonable juror could find the two designs substantially the same or that no reasonable juror could deem those differences minor. See Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1243 (Fed. Cir. 2009) ("The mandated overall comparison is a comparison taking into account significant differences

7

between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another."); see also MRC Innovations, Inc. v. Hunter Mfg., LLP, 747 F.3d 1326, 1333 n.1 (Fed. Cir. 2014) ("[W]e concluded that all of the accused products infringed the asserted design patents despite the fact that two of the infringing products . . . contained a wider shoe front with an additional row of holes, and another infringing product . . . contained square holes on the top of the shoe rather than round ones." (citations omitted)).

Because the Court has determined that the '757 Patent and accused fan are not necessarily plainly dissimilar, it turns to the prior art. See Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc., 836 F. App'x 895, 898 (Fed. Cir. 2020) ("When the designs are not plainly dissimilar, the analysis will benefit from a comparison of the claimed and accused designs with the prior art." (internal quotation marks and citations omitted)). "When the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art." Crocs, Inc. v. Int'l Trade Comm'n, 598

F.3d 1294, 1303 (Fed. Cir. 2010) (internal quotation marks and citation omitted). "And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." Lanard Toys Ltd. v. Dolgencorp, LLC, 958 F.3d 1337, 1344 (Fed. Cir. 2020) (quoting Egyptian Goddess, 543 F.3d at 676).

Here, for similar reasons noted in the Magistrate Judge's analysis of the '027 and '004 Patents, a reasonable juror could find that an ordinary observer, familiar with the prior art, would be deceived into believing that the accused Vogue fan is the same as the '757 Patent. (Doc. # 181 at 20-26); see Park B. Smith, Inc. v. CHF Indus., Inc., 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("Assuming that these examples are prior art, a review of these images reveals that an ordinary observer, familiar with these designs, could still be deceived into believing that the accused product is the same as the patented design.").

Accordingly, the Court sustains Delta T's objection regarding Counts I and IV and denies both parties' Motions for Summary Judgment as to those claims. See Sun-Mate Corp. v. Koolatron Corp., No. CV 10-4735-JST (JCGx), 2011 WL

9

3322597, at *10 (C.D. Cal. Aug. 1, 2011) ("The Court finds that there remain genuine issues of material fact as to whether under the ordinary observer test the designs of Koolatron's coolers and Plaintiff's patents are substantially the same. Thus, summary judgment is inappropriate.").

### B.     '027 and '004 Patents and Willfulness

The Court next turns to Counts II, III, V, VI, and the issue of willfulness. Upon due consideration of the record, including the Magistrate Judge's Report and Recommendation as well as Defendants' objection thereto, the Court overrules the objection and adopts the Report and Recommendation. The Court agrees with the Magistrate Judge's detailed and well-reasoned conclusions of law. The Report and Recommendation thoughtfully addresses the issues presented, and Defendants' objection does not provide a basis for rejecting the Report and Recommendation. Thus, both parties' Motions are denied as to Counts II, III, V, and VI, and the Court declines determine the issue of willfulness at this juncture.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 181) is **ACCEPTED** and **ADOPTED** in part and **REJECTED** in part.

(2) Plaintiff Delta T, LLC's Limited Objection to Report and Recommendation (Doc. # 184) is **SUSTAINED**. Defendants Dan's Fan City, Inc., and TroposAir, LLC's Objection to Report and Recommendation (Doc. # 183) is **OVERRULED**.

(3) Plaintiff Delta T, LLC's Motion for Summary Judgment (Doc. # 129) is **DENIED**.

(4) Defendants Dan's Fan City, Inc., and TroposAir, LLC's Motion for Summary Judgment (Doc. # 124) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of June, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE